IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AETNA, INC. and AETNA LIFE INSURANCE COMPANY,<br><br>Defendants. | Case No.: 4:17-cv-00929 |

**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. §§ 1331 and 1332(d)**

Pursuant to 28 U.S.C. §§ 1331, 1332(d), 1367, and 1453, Defendants Aetna Inc. (erroneously named here as "Aetna, Inc.") and Aetna Life Insurance Company (together, "Aetna"), by and through its attorneys of record, hereby give notice of the removal of this action from the Circuit Court of Jackson County, Missouri at Independence, where it is presently pending, to the United States District Court for the Western District of Missouri. As grounds for this removal, Aetna asserts the following:

**A.     The State Court Action**

1.     On September 28, 2017, Plaintiff Jane Doe ("Plaintiff"), individually and on behalf of other persons similarly situated, filed a complaint (denominated a "petition" in state court) against Aetna in the Circuit Court of Jackson County, Missouri at Independence, entitled *Jane Doe, et al. v. Aetna, Inc.*, Case No. 1716-CV23378 (the "State Court Action"). A

true and correct copy of that complaint (the "Complaint") is attached hereto as **Exhibit A**.

2. In the Complaint, Plaintiff alleges that Aetna failed to protect her confidential and protected HIV infection status resulting in its unlawful disclosure to unauthorized recipients. (*See, e.g.,* Compl. ¶ 1.) Plaintiff appears to assert claims for (1) violation of R.S. Mo. § 191.656; and (2) negligence. (*See generally id.*)

3. Plaintiff seeks on behalf of herself and the putative members of the Proposed Class declaratory relief, statutory damages, exemplary damages, and attorney's fees and costs. (*Id.* at 8-9.)

### B. Removal Is Appropriate Under The Class Action Fairness Act.

4. This Court has jurisdiction over this proposed action pursuant to the Class Action Fairness Act ("CAFA") because (i) there are at least 100 members in the Proposed Class; (ii) all members of the Proposed Class are citizens of a state (Missouri) different from the states in which Aetna Inc. and Aetna Life Insurance Company are citizens (Pennsylvania and Connecticut, respectively) (i.e., minimal diversity exists); and (iii) the alleged amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2). Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1453(b).

5. As explained below, the State Court Action meets these requirements and is thus removable under CAFA. *See* 28 U.S.C. § 1446(a) (defendants need provide only "a short and plain statement of the grounds for removal"); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 553-54 (2014) (Section 1446 "[t]racks the general pleading requirements stated in [Fed. R. Civ. P.] 8(a)," and submissions of proof are only necessary if the plaintiff or court contests the allegations in the notice of removal).

6. First, CAFA's class-size requirement is met, as Plaintiff's allegations support that at least 100 members may comprise the putative class (the "Proposed Class"). *See* Compl. ¶ 3 (alleging that "[a]pproximately 12,000 individuals across the country had their HIV infection status disclosed by Defendants' negligent and/or reckless conduct"), ¶ 20

2

("Approximately 12,000 total individuals across the country had their HIV infection status disclosed the same way as Plaintiff."), ¶ 23 ("Upon information and belief, Defendants have engaged in the same illegal and wrongful conduct relative to *at least* 40 other members in Missouri.") (emphasis added); 28 U.S.C. § 1332(d)(5)(B). In fact, Aetna's records indicate that approximately more than 100 Missouri residents appear to be involved in the alleged mailing.[1]

7. Second, as required, diversity of citizenship exists here. *See* 28 U.S.C. § 1332(d)(2)(A) (providing that district court jurisdiction may be asserted over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant"). Here, Plaintiff alleges that each member of the Proposed Class, including Plaintiff herself, is a resident of Missouri, while also alleging that Aetna Inc. and Aetna Life Insurance Company are Connecticut corporations. *See id.* at § 1332(d)(2); Compl. ¶¶ 5-7.[2] Accordingly, there is minimum diversity between, on the one hand, Plaintiff and the putative class members she seeks to represent (all of whom are allegedly California citizens) and, on the other hand, Aetna Inc. (allegedly incorporated in Connecticut and actually incorporated in Pennsylvania) and Aetna Life Insurance Company (allegedly incorporated in Connecticut). Thus, CAFA's minimal diversity requirement is met.

---

[1] Aetna's assertion here is sufficient for removal. A removing defendant's mere allegations are sufficient for a notice of removal and are no different than those made by a plaintiff under Rule 8(a) of the Federal Rules of Civil Procedure, and submissions of proof as to such allegations are only necessary in the event that plaintiff or the court contests those allegations. *Dart Cherokee*, 135 S.Ct. at 553-54. Only if the assertions in the notice of removal are challenged do both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied. *See id.*

[2] Plaintiff incorrectly alleges that Defendant Aetna Inc. is a Connecticut corporation, when in fact it is a Pennsylvania corporation. (*See* **Exhibit C**, Declaration of Matthew P. Kanny ("Kanny Decl."), ¶ 2, Ex. A thereto (attaching results of business entity search on website of Pennsylvania Department of State for Aetna Inc.).)

8.      Third, as set forth below, this action also satisfies the amount-in-controversy requirement of CAFA because it "exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2). The Eighth Circuit has made clear that "[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). This burden constitutes "a pleading requirement, not a demand for proof." *Id.* (quoting *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944-45 (8th Cir. 2012)). "Even if it is highly improbable that the Plaintiffs will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard." *Id.* (citing *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir. 2011)). "Further, Defendants are not required to provide a 'formula or methodology for calculating the potential damages' more accurately." *Id.* (quoting *Hartis*, 694 F.3d at 945).

9.      Here, Plaintiff's allegations, coupled with evidence of her dispute with Aetna, establish that the amount in controversy is greater than $5,000,000. *See id.* at § 1332(d)(2). The Proposed Class is broadly defined as

> Defendant's members whose HIV infection status was disclosed because Defendants sent a letter to the member with his or her HIV infection status visible in the large plastic window of the envelope similar to Exhibit 1.

Compl. ¶ 26. There is no limit alleged as to time period. *See id.*

10.     According to Plaintiff's allegations, each putative class member is allegedly entitled to a maximum of $5,000 in statutory damages per alleged violation. *See* Compl. ¶ 51 (claiming statutory nominal damages under R.S. Mo. § 191.656 of up to $5,000 per violation); *see also id.* at 9 (Request for Relief includes request "[f]or an order awarding Plaintiff and Class Members statutory damages"). Thus, assuming the Proposed Class is comprised of 100 individuals, the amount-in-controversy for statutory damages alone is

4

$500,000 (100 x $5,000).³  *See* 28 U.S. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

11. When coupled with Plaintiff's pursuit, on behalf of herself and the putative class members, of alleged actual damages, punitive damages, and attorney's fees, the alleged amount in controversy is even higher. *See id.* at 8-9 (Plaintiff requesting such relief). In addition to statutory damages, R.S. Mo. § 191.656 permits recovery of punitive damages and attorney's fees. *See* R.S. Mo. § 191.656(6); *see also Kerr v. Ace Cash Experts, Inc.*, No. 4:10-CV-1694, 2010 WL 5177977, at *1 (E.D. Mo. Dec. 14, 2010) (considering punitive damages and attorney fees in removal analysis). Claims may be aggregated in a putative class action. *See* 28 U.S.C. § 1332(d)(6).

12. Under Missouri law, juries are given the discretion to determine the amount of punitive damages, and there is no mathematical formula applies to determine punitive damages and they need not bear any specific relationship to actual damages received. *Finley v. Empiregas, Inc. of Potosi*, 975 F.2d 467, 472 (8th Cir. 1992). The Eighth Circuit has upheld a ratio of 5.7:1 between punitive and compensatory damages, and has suggested in dicta that ratios within "single digits" will generally be upheld. *See Morse v. S. Union Co.*, 174 F.3d 917, 925-26 (8th Cir. 1999); *Trickey v. Kaman Indus. Techs. Corp.*, 705 F.3d 788, 804 (8th Cir. 2013); *accord. Bass v. Carmax Auto Servs., Inc.*, No. 07-0883, 2008 WL 441962, *2 (W.D. Mo. Feb. 14, 2008) (considering punitive damages award of approximately 6.7 times the actual damages in amount-in-controversy analysis).

13. Adding these potentially substantial amounts of punitive damages and attorney's fees to the alleged statutory damages at issue, as is required under CAFA, it is

---

³ While a class has not yet been certified in this action, the Court may treat this as a class action for the purpose of ascertaining federal jurisdiction. *See Visintine v. Saab Auto. A.B.*, 891 F.Supp. 496, 497 n.3 (E.D. Mo. 1995) (citing *In re Abbott Labs,* 51 F.3d 524, 525 n.1 (5th Cir. 1995) and *Fountain v. Black*, 876 F.Supp. 1294, 1297 n.5 (S.D. Ga. 1994)).

5

legally possible that the amount in controversy exceeds $5,000,000 – even without approximation of an actual damages award under R.S. Mo. § 191.656 or Plaintiff's negligence claim. *See Raskas*, 719 F.3d at 888 (applying the "legally impossible" standard). For instance, courts in this Circuit have found that an actual damages claim of at least $594,000 – comparable to the maximum $500,000 in statutory damages here – easily met the CAFA threshold with a punitive damages claim in an unknown amount because "similar amounts have been held to satisfy the amount in controversy requirement in similar cases because of the potential for punitive damages and attorney's fees." *Kerr v. Ace Cash Experts, Inc.*, No. 4:10-CV-1694, 2010 WL 5177977, at *1 (E.D. Mo. Dec. 14, 2010). Indeed, applying the highest single-digit ratio for punitive damages – which cannot be said to be legally impossible – surpasses the $5,000,000 CAFA threshold alone ($500,000 x 9.9 = $5,261,500.00).[4]

14. In addition, should this putative class action become certified and proceed through a trial, a reasonable attorney's fee award under R.S. Mo. § 191.656 could ostensibly reach the hundreds of thousands of dollars, if not more. *See, e.g., Berry v. Volkswagen Grp. of America, Inc.*, 397 S.W.3d 425 (Mo. banc 2013) (affirming over $6.1 million attorney's fee award in automobile defect class action); *In re Alcolac, Inc. Litig.*, 945 S.W.2d 459, 460-62 (Mo. Ct. App. 1997) (affirming over $2.7 million attorney's fee award in class action toxic tort litigation); *City of O'Fallon v. CenturyLink, Inc.*, 491 S.W.3d 276 (Mo. Ct. App. 2016) (affirming over $2.8 million attorney's fee award in municipal class action); *Bachman v. A.G. Edwards, Inc.*, 344 S.W.3d 260 (Mo. Ct. App. 2011) (affirming $21 million attorney's fee award in securities class action).

---

[4] Even if Plaintiff were not entitled to the actual damages permitted under R.S. Mo. § 191.656, an award of statutory damages under that law would be sufficient to entitle Plaintiff to punitive damages. *See Callantine v. Staff Builders, Inc.*, 271 F.3d 1124, 1133 (8th Cir. 2001) (finding that award of only nominal damages did not preclude award of punitive damages, because "Missouri law allows a finding of nominal damages with an award of punitive damages").

15. Thus, on an aggregated class-wide basis, it is legally possible that the amount in controversy exceeds CAFA's required $5,000,000 even without approximation of an actual damages award under Plaintiff's two causes of action. For example, as a maximum threshold *without* actual damages, there is a legally-possible $6,450,000 amount in controversy by adding together the $500,000 in maximum statutory damages, a potential $4,950,000 in punitive damages (9.9:1 ratio), and $1 million in attorney's fees. As another example, there is a legally-possible $5,001,000 amount in controversy by adding more modest figures of $4,000,000 in punitive damages (8:1 ratio) and $501,000 in attorney's fees, when added to the statutory maximum and still excluding potential actual damages amounts. Finally, a larger attorney's fee award of $3 million – still legally possible, as demonstrated by the citations above – would require a punitive damages ratio of only 2.8:1 to exceed $5 million and including the maximum statutory damages figure (while still excluding potential actual damages). Under countless formulations, CAFA's amount-in-controversy requirement is satisfied here, even where the alleged actual damages are not included.[5]

16. Accordingly, the State Court Action is removable pursuant to CAFA. *See* 28 U.S.C. § 1446; *Dart Cherokee*, 135 S.Ct. at 553-54 (Section 1446 "[t]racks the general pleading requirements stated in [Fed. R. Civ. P.] 8(a)," and submissions of proof are only necessary if the plaintiff or court contests the allegations in the notice of removal).

17. Aetna denies any liability in this case and intends to vigorously oppose class certification and to defend the case on the merits. Aetna reserves all rights in this regard. However, for purposes of removal only, Plaintiff's allegations establish that the requirements of CAFA are met, including establishing that the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2); 1453(b).

---

[5] Plaintiff's bare allegation that "the amount in controversy is less than the $5,000,000.00 threshold amount (Compl. ¶ 9) has no bearing on this analysis if Plaintiffs cannot show it would be "legally impossible" to recover more than $5,000,000. *Bell v. Hershey Co.*, 557 F.3d 953, 954-55, 959 (8th Cir. 2009).

7

## C. Removal Is Appropriate On The Additional Ground That ERISA Preempts The Causes Of Action.

18. This Court has federal question jurisdiction over this proposed action because the causes of action are preempted by ERISA, 29 U.S.C. §§ 1001 *et seq*.

19. ERISA is the federal statutory scheme designed to provide uniform federal standards, remedies, and federal jurisdiction over employee benefit plans. *See Aetna Health v. Davila*, 542 U.S. 200, 209 (2004) (citing 29 U.S.C. § 1001(b)).

20. In *Davila*, the Supreme Court established a two-part test to determine whether state-law claims are preempted by Section 502(a). *See* 542 U.S. at 210. Under *Davila*, (1) "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and (2) "where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Id.*

21. Here, both of Plaintiff's claims are subject to complete preemption because they demand remedies that are excluded from Section 502(a)'s approved remedial scheme.

22. *Davila*'s first prong is satisfied because Plaintiff's request for an order declaring that Aetna violated Missouri's HIV statute or breached its duty to exercise reasonable care in protecting the subject health information could have been brought under ERISA's broad authorization for equitable and injunctive relief under her plan. *Compare* Compl. at Request for Relief, ¶ 2 *with* 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought . . . by a participant or beneficiary . . . to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"); *id.* at § 1132(a)(3) ("A civil action may be brought . . . by a participant, beneficiary, or fiduciary . . . (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan. . . ."). If Plaintiff seeks to enforce her right to privacy, she can seek that relief under ERISA. *See, e.g., Darcangelo v. Verizon Commc'ns., Inc.*, 292 F.3d 181, 193 (4th Cir. 2002) ("If [plaintiff] is alleging that [the plan administrator], in

8

the course of processing a benefits claim or performing some other plan duty, improperly disclosed her private medical information, this would be a claim for breach of fiduciary duty under ERISA § 404(a)(1).").

23. Further, Plaintiff's claims for the alleged wrongful disclosure of private health information could also be asserted as violations of Aetna's "reporting, disclosure, and recordkeeping" requirements under ERISA, which are said to be "central to, and an essential part of, the uniform system of plan administration contemplated by ERISA," or Aetna's fiduciary duties. *Gobeille v. Liberty Mut. Ins. Co.*, 136 S. Ct. 936, 945 (2016); *see also Darcangelo*, 292 F.3d at 193 ("If [plaintiff] is alleging that [the plan administrator], *in the course of processing a benefits claim or performing some other plan duty*, improperly disclosed her private medical information, this would be a claim for breach of fiduciary duty under ERISA § 404(a)(1)." (emphasis in original)).

24. *Davila*'s second prong is satisfied because Plaintiff's claims do not implicate an "independent legal duty" that is "entirely independent of the federal regulated contract itself," but rather derive from Aetna's administration of ERISA plans. *See Davila*, 542 U.S. at 210, 214-15. For one, Plaintiff explicitly ties Aetna's alleged privacy violations to the terms of the ERISA plans. *See, e.g.,* Compl. ¶ 8 (alleging the Plaintiff and the putative class members "were the beneficiaries of health insurance policies issued by [Aetna] and "[d]ue to this relationship, [Aetna] had knowledge of Plaintiff's, and other potential class members', HIV status and their use of HIV medication."); ¶ 13 (alleging that Aetna, "[a]s Plaintiff's health insurance provider . . . was privy, came into possession, and maintained Plaintiff's HIV infection status, of which [it has] a legal duty to ensure its confidentiality and security"); ¶ 14 ("Defendants are required to maintain the strictest privacy and confidentiality of members' medical information, including their HIV infection status."). As another example, the letter that is the subject of Plaintiff's allegations related to the administration of plan benefits. *See, e.g., id.* at ¶¶ 18-19 (incorporating photographs of letter and news story about letter into individual and class allegations); Exs. 1-2 (attaching same).

9

25. Moreover, Aetna only has access to Plaintiff's PHI, and is only obliged to protect it, because Plaintiff and the putative class members are members of Aetna plans. *See, e.g., Shea v. Esenstein*, 107 F.3d 625, 627 (8th Cir. 1997) ("[T]he language of ERISA's preemption clause sweeps broadly, embracing common law causes of action if they have a connection with or a reference to an ERISA plan."); *accord. Luebbert v. Blue Cross Blue Shield of Tenn.*, No. 11-04347-CV-FJG, 2012 WL 1606195, at *1-2 (W.D. Mo. May 8, 2012) (dismissing negligent misrepresentation claim as preempted by ERISA); *Smith v. Apex Sys., Inc.*, No. 4:08-cv-168, 2008 WL 2568180, at *3-4 (E.D. Mo. June 26, 2008) (same); *Buckminster v. Prudential Fin'l*, No. 8:07-cv-133, 2008 WL 2228845, at *2-3 (D. Neb. May 29, 2008) (dismissing negligence claim as preempted by ERISA).

26. Accordingly, Plaintiff's claims are subject to complete ERISA preemption, and this action may be removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1453(b). *See Davila*, 542 U.S. at 209. In the alternative, in the event that the Court finds that ERISA preempts only one of Plaintiff's causes of action and not the other, Aetna requests that the Court exercise its supplemental jurisdiction over the non-preempted claim pursuant to 28 U.S.C. § 1367 because the claims are "so related" as to "form part of the same case or controversy" under Article III. 28 U.S.C. § 1367(a).

### D. <u>Removal Is Appropriate Under The Class Action Fairness Act.</u>

27. Removal is timely. Plaintiffs filed the State Court Action on September 28, 2017. Plaintiffs caused the Complaint to be served on Aetna on October 3, 2017. *See* State Court Action, Notices of Service (filed Oct. 9, 2017) & Returns of Service (filed Oct. 20, 2017). Therefore, this Notice of Removal is brought within 30 days of service upon Aetna and is timely as required by 28 U.S.C. §§ 1453(b) and 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

28. Venue in this Court is proper. Pursuant to 28 U.S.C. § 1446(a), Aetna files this Notice of Removal in the District Court of the United States for the district and division within which the State Court Action is pending. *See also Polizzi v. Cowles Magazines, Inc.*, 345

10

Case 4:17-cv-00929-BCW   Document 1   Filed 11/01/17   Page 10 of 13

U.S. 663, 665-66 (1953) (venue removed in cases is controlled by the removal statute, rather than the general venue statute, which requires removal to "the district and division embracing the place where such action is pending").

29. Pursuant to 28 U.S.C. §§ 1453(b) and 1446(a), Aetna has attached hereto as **Exhibit B** copies of all process, pleadings, and orders filed with the state court.

30. Further pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal with its attachments will be served promptly on Plaintiff through her counsel of record in the State Court Action, and a true and correct copy of this Notice will be filed with the clerk of the Circuit Court of Jackson County, Missouri at Independence.

31. By this Notice of Removal, Aetna does not waive any defenses or objections it may have to this action; does not intend any admission of fact, law, or liability; and expressly reserves all defenses, motions, and pleas.

**WHEREFORE**, Aetna hereby removes the Circuit Court of Jackson County, Missouri at Independence case entitled *Jane Doe, et a. v. Aetna, Inc.*, Case No. 1716-CV23378, originally filed on September 28, 2017, to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1367, and 1453, and other relevant and applicable law, as if this action had been originally filed in this Court, seeks that further proceedings in the State Court Action be stayed in all respects, and that Aetna obtain all additional relief to which it is entitled.

Respectfully submtited,

By: /s/ David M. Eisenberg
Thomas N. Sterchi     MO #21508
David M. Eisenberg     MO #54767
BAKER STERCHI COWDEN & RICE, LLC
2400 Pershing Road, Suite 500
Kansas City, Missouri 64108
Telephone: (816) 471-2121
Facsimile: (816) 472-0288
sterchi@bscr-law.com
eisenberg@bscr-law.com

-and-

Matthew P. Kanny*
Donna L. Wilson*
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd.
Los Angeles, CA 90064
Telephone: (310) 312-4225
Facsimile: (310) 914-5805
mkanny@manatt.com
dlwilson@manatt.com
*Pro hac vice application forthcoming

Attorneys for Defendants

12

**CERTIFICATE OF SERVICE**

On the 1st day of November, 2017, I electronically filed this document through the CM/ECF System which will send a notice of electronic filing to the following, and also served this document via first class mail, postage prepaid, to the following:

George E. Kapke, Jr.
Zachary L. Enterline
Kapke & Willerth, LLC
3304 NE Ralph Powell Road
Lee's Summit, MO 64064

    -and-

Jack D. McInnes
McInnes Law LLC
3500 West 75th Street, Suite 200
Prairie Village, KS 66208

Attorneys for Plaintiffs

                                        /s/ David M. Eisenberg
                                        Attorney for Defendants